UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROSALIE J. GLASER, Trustee for the Heirs and Next of Kin of Paul R. Glaser, deceased,

CIVIL NO. 00-2225 (JMM)

Plaintiff,

v.

**AMENDED** ORDER

CENTRAL BAPTIST CHURCH OF SIOUX FALLS and JEFFREY PAUL GROSS,

Defendants.

The above-entitled matter came before the Court for jury trial on November 5-8, 2001. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the Parties waived their right to proceed before a United States District Judge and voluntarily consented to have all proceedings in this case, including the entry of judgment, conducted and determined by the undersigned United States Magistrate Judge. It was so ordered by District Judge David S. Doty. Trial was duly held in this matter before a seven-person jury beginning on November 5, 2001. On November 8, 2001, the Jury returned its unanimous special verdict, answering the questions submitted as follows:

1. Were the Defendants Jeffrey P. Gross and/or Central Baptist Church of Sioux Falls negligent in the operation, maintenance or use of their vehicle?

Yes ___X___ No _______

2. If you answered "Yes" to Question No. 1, then answer this question: Was such negligence a direct cause of the death of Paul Glaser?

Yes ___X___ No _______

3. Was Paul R. Glaser negligent in the operation of his motor vehicle?

Yes ___X___ No _______

FILED DEC 0 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 0 5 2001
DEPUTY CLERK ______

4. If you answered "Yes" to Question No. 3, then answer this question: Was such negligence a direct cause of his death?

Yes ___X___ No ________

5. Answer this question ONLY if you answered "Yes" to BOTH Question Nos. 2 and 4 above: Taking all the negligence which contributed as a direct cause of the accident to be 100%, what percentage do you attribute it to:

| | |
|---|---|
| Paul J. Glaser | ___70___% |
| Jeffrey P. Gross and Central Baptist Church of Sioux Falls | ___30___% |

6. YOU MUST ANSWER THIS QUESTION REGARDLESS OF YOUR ANSWERS TO QUESTION NOS. 1 THROUGH 5: What sum of money will fairly compensate the Plaintiff Rosalie J. Glaser and the heirs and next of kin of Paul J. Glaser, for their pecuniary loss and their loss of the society and companionship as a result of the death of Paul R. Glaser?

$ 375,000.00

[The verdict of the jury was signed and dated by the Foreperson.]

The Court accepted and adopted the Verdict of the Jury as the findings in the case. Pursuant to the provisions of Rule 49 and Rule 58 of the Federal Rules of Civil Procedure, the Court ordered the Clerk to enter judgment in accordance with the Verdict. [Docket No. 30]. In the Order, we did not direct that costs be awarded to Defendants pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. We are issuing this Amended Order, as authorized by Rule 60(a) of the Federal Rules of Civil Procedure, to correct that omission.

ACCORDINGLY, IT IS HEREBY ORDERED that the Clerk enter judgment as follows:

1. Plaintiff's Complaint shall be dismissed with prejudice, and

2. The Clerk of Court shall enter Judgment in favor of the Defendants, **together with their taxable costs and disbursements herein.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995